Warren Borough, Appellant *v.* International Brotherhood of Electrical Workers, Local Union No. 1124, Appellee.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Thomas E. Africa,* for appellant.

*Ronald L. Gilardi,* for appellee.

*Mary Teresa Gavigan,* with her *James L. Crawford,* for appellee, Pennsylvania Labor Relations Board.

OPINION BY JUDGE MENCER, December 24, 1980:

On May 29, 1979, the International Brotherhood of Electrical Workers, Local Union No. 1124 (Union) filed a unit clarification petition with the Pennsylva-

nia Labor Relations Board (Board), seeking to include four police communication dispatchers in a previously certified bargaining unit of workers employed by Warren Borough (Borough). The prayer of the petition was granted by the Board, and the Borough appealed the Board's final order to the Court of Common Pleas of Warren County which, following oral argument and submission of briefs, affirmed the Board's order. This appeal followed, and we affirm.

Section 604 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.604, reads, in pertinent part: ·

> The board shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof. In determining the appropriateness of the unit, the board shall:
>
> (1) Take into consideration but shall not be limited to the following: (i) public employes must have an identifiable community of interest, and (ii) the effects of over-fragmentization.

As we stated in *Western Psychiatric Institute v. Pennsylvania Labor Relations Board,* 16 Pa. Commonwealth Ct. 204, 210-11, 330 A.2d 257, 260-61 (1974):

> The problem is that the Board, and we, have a difficult statute to work with. The bargaining unit must include employees with an identifiable community of interest. The word identifiable connotes something more restrictive than the mere community of interest required in the private sector; it suggests more and smaller units. Yet the Act demands that the Board also consider the effects of overfragmentization, suggesting the desirability of fewer and larger units. The reconciliation is to be achieved, we believe, by reference to the end PERA was intended to achieve—peace in the relationship between public employers and their employees

and the reduction in the number and duration of work stoppages in vital public services.

We must determine here whether or not the Board, in approving the inclusion of four police communication dispatchers in the previously certified bargaining unit, properly considered the facts and conformed to PERA. We are limited in our review to a determination of whether the findings of the Board are supported by substantial and credible evidence and whether its conclusions, based on the facts, are reasonable and not capricious, arbitrary, or illegal. *Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc.*, 345 Pa. 398, 29 A.2d 90 (1942). Further, the Board is considered to be experienced and to possess expertise in the subject committed to its administration and therefore to be better qualified than a court of law to weigh the facts and to apreciate the complexities of the appropriateness of a proposed bargaining unit. *Pennsylvania Labor Relations Board v. Butz*, 411 Pa. 360, 192 A.2d 707 (1963).

The Borough contends that the four dispatchers have a professional identity distinct from the other members of the certified unit and therefore should constitute a separate unit. The record describes the job classification of a police dispatcher as follows:

Carry out those duties assigned by the Chief of Police pertaining to telephones, two-way radios, and alarm systems for police services, fire services, and other emergency services; maintain any records or logs of communication and alarm systems as may be established and required from time to time; be capable of receiving and recording calls, messages, and alarms received, transmitting messages to appropriate police, fire or emergency units and dispatching of police, fire or emergency units; transmit and/or inform apropriate department and/or of-

ficials of calls received which may not be related to police, fire or emergency service such as Department of Public Works or other Departments of the Borough; be thoroughly familiar and skilled in the handling of all communication systems which are connected to Warren County or other municipalities as for police and fire services; be familiar with the administrative code, personnel code, personnel rules and regulations, and the policies of the operation of the Department of Police; participate in any inservice training program as may be established by the Chief of Police, maintain proficiency and skill of duties and knowledge of police, fire and emergency operating procedures.

As Judge WOLFE, for the court below, noted:

A dispatcher is required to have a high school education and receives six weeks technical training before being qualified. The essential duties from day to day is the talking through a microphone relaying messages and keeping a log. The record reveals before the dispatchers were identified these duties were carried out by the police clerk. No professional training as is required for a discipline is necessary and no license is necessary to hold the status as a dispatcher.

The other members of the previous certified unit consists of police department clerks, custodial employees, Department of Operating Services employees, sanitary facility employees and parking meter attendants. Presently in this unit are twenty-two employees.

The Board found that although at times the dispatchers must use independent judgment their work for the most part is of routine nature

and they are not involved in the determination of policy. . . .

. . . .

The Board recognized that the dispatchers are required to pass a written examination and possess a high school education and provide services 24 hours a day but concluded the duties were not such as are significantly different to warrant exclusion from the existing bargaining unit.

The Board concluded the dispatchers share the same community of interest with the previously certified unit and to certify the dispatchers as a separate unit would cause over fragmentization.

Here, the police communication dispatchers work the same number of hours, enjoy the same fringe benefits, and are paid substantially the same hourly rate as the other employees in the Public Works Department. Additionally, they perform basically the same work as that previously performed by the police clerks. The Board concluded that, although they must pass a written examination, possess a high school diploma, and provide services on a 24-hours-a-day basis, aspects of employment not applicable to other employees in the certified bargaining unit, these are not such significant differences as to warrant their exclusion from the unit.

We cannot state on this record that the evidence in support of the Board's finding that the four police communication dispatchers should be included in the previously certified unit was not substantially or legally credible or that such a conclusion was capricious, arbitrary, or unreasonable.

Accordingly, we must affirm the Court of Common Pleas of Warren County.

Order affirmed.

576

ORDER

AND Now, this 24th day of December, 1980, the order of the Court of Common Pleas of Warren County, dated February 13, 1980, affirming the decision of the Pennsylvania Labor Relations Board under date of November 5, 1979 and dismissing the appeal of Warren Borough therefrom, is hereby affirmed.